UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PACIFIC COAST HELICOPTER LEASING, INC.,       No. 05-10240

Debtor(s).
_____/

PACIFIC COAST HELICOPTER LEASING, INC.,

Plaintiff(s),

v.                                         A.P. No. 05-1018

VIRGINIA JOHNSTON BAMFORD,

Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

      Plaintiff Pacific Coast Helicopter Leasing, Inc., is in the business of leasing helicopters. Its sole asset is a 1973 Bell helicopter. Prior to its Chapter 11 filing, the helicopter was repossessed by secured creditor and defendant Virginia Bamford. By this adversary proceeding, the debtor seeks turnover of the helicopter and damages for violation of the automatic stay. Its motion for summary judgment is now before the court, as well as a counter-motion by Bamford.

          Except where a lien is dependent upon possession, the general rule is that retention of property seized prepetition constitutes an act to exercise control over property of the estate in violation of section 362(a)(3). This section proscribes the mere knowing retention of estate property, even if it was repossessed lawfully. *In re Del Mission, Ltd.*, 98 F.3d 1147, 1151 (9th Cir. 1996)(holding that

1

state violated automatic stay by knowingly retaining taxes that it had been ordered to repay debtor); see also *In re Colortran, Inc.*, 210 B.R. 823, 826-27 (9th Cir. BAP 1997) ("A creditor who fails to return the estate's property after it knows of the debtor's bankruptcy is subject to sanction for willful violation of the automatic stay."), *aff'd in part and vacated in part on other grounds*, 165 F.3d 35 (9th Cir.1998); *In re Abrams*, 127 B.R. 239, 241-43 (9th Cir. BAP 1991) (creditor's continuing retention of repossessed vehicle after receiving notice of bankruptcy violated the automatic stay). To effectuate the purpose of the automatic stay, the onus to return estate property is placed upon the possessor; it does not fall on the debtor to pursue the possessor. *Del Mission*, 98 F.3d at 1151.

Relying on *In re Kalter*, 292 F.3d 1350 (11th Cir. 2002), Bamford argues that the recent enactment of California Commercial Code § 9619 (effective in 2001) changes the debtor's rights. She argues that her repossession and subsequent transmission of a transfer statement to the Federal Aviation Administration cut off the debtor's ownership rights in the helicopter and left the debtor only with a right of redemption.

*Kalter* has been roundly criticized by numerous courts and commentators as "getting both the state law and federal bankruptcy law wrong . . . ." Warner, "Repossession Titles and Turnover Under Revised Article 9," 23-Mar Am. Bankr. Inst. J. 22 (2004). Nonetheless, the court would feel bound to follow it if its holding were applicable. However, a comparison of state laws reveals a key difference which makes *Kalter* inapplicable.

The court in *Kalter* was interpreting the Florida UCC. The court held that a vehicle repossessed prepetition was not property of the bankruptcy estate Under Florida law, the same result Bamford now seeks from this court. However, the term "debtor" is defined under Florida law as either the debtor or the creditor in possession of the collateral. 292 F.3d at 1354. Thus, the provision under Florida law that when the secured party sells the collateral all of the debtor's rights pass to the purchaser could apply to either the debtor's right or the secured party's rights.

Unlike Florida, California's version of the UCC specifically excludes persons having a security interest from the definition of "debtor." Cal. Com. C. § 9102(a)(28). Thus, when California

2

Commercial Code § 9617(a)(1) refers to the debtor's rights, it cannot possibly be referring to those of Bamford. The clear conclusion is that under California law a debtor retains its ownership rights until they pass to a purchaser upon sale of the collateral. This result is consistent with the comments to Cal. Com. Code § 9619 that "the debtor retains its rights" and the view of most commentators that "the drafters [of § 9-619] intended nothing more than to provide a simple mechanism for obtaining record title . . . ." Warner, "Repossession Titles and Turnover Under Revised Article 9," supra, at 22.

The court believes that the analysis of Bankruptcy Judge Carrithers in the recent case of *In re Caple*, 2005 WL 1287991 (Bankr. M.D.N.C. 2005) is sound and correct. Interpreting North Carolina law, which is essentially the same as California law, Judge Carrithers properly distinguished *Kalter* and held that until a creditor disposes of repossessed property "the debtor remains the legal and equitable owner, subject only to the creditor's debt collection remedies, which are suspended by 11 U.S.C. § 362(a) when a bankruptcy petition is filed." 2005 WL 1287991, at 7.

For the foregoing reasons, the debtor's motion for summary judgment will be granted and Bamford's motion will be denied. There being no just reason for delay, an immediate judgment will be entered pursuant to FRCP 54(b) declaring the helicopter to be property of the estate and ordering its immediate turnover to the debtor upon a showing of adequate protection for Bamford's security interest. The court will reserve all other issues raised by the complaint. Counsel for the debtor shall submit an appropriate form of order granting its motion and denying Bamford's motion and an appropriate form of judgment.

A hearing on adequate protection may be obtained on five days' notice, after consultation with the court's calendar clerk regarding available hearing dates and times.

Dated: July 4, 2005

Alan Jaroslovsky
U.S. Bankruptcy Judge